UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY NILAND,                                                    **DECISION**
                                        Plaintiff,                **and**
        v.                                                      **ORDER**

BUFFALO LABORERS WELFARE FUND,                    **04-CV-187F**
BUFFALO LABORERS LOCAL 210,
THOMAS L. PANEK,
                                        Defendants.
_____

        In this employment discrimination case alleging sexual harassment, Plaintiff

moves, by papers filed June 6, 2005 (Doc. No. 22-1), for an order, pursuant to

Fed.R.Civ.P. 56(f), permitting the deposition of a former secretary of Defendant Local

210, Ms. Jennifer McMahon, f/k/a Jennifer Kent.  In support, Plaintiff filed the affidavit of

Harvey P. Sanders, Esq., dated June 3, 2005 (Doc. No. 22-2) ("Sanders Affidavit").

Alternatively, Plaintiff requests additional time within which to file opposition to

Defendants' motion.

        This case was commenced by complaint filed March 22, 2004.  On October 6,

2004, following a hearing with the parties under Fed.R.Civ.P. 16(b), the court entered a

Scheduling Order for the case ("Scheduling Order").  As relevant, the Scheduling Order

directed that discovery regarding whether Plaintiff served as a joint employee of

Defendant Local 210 and Defendant Laborers Fund ("Defendants") to satisfy the

requirements of 42 U.S.C. § 2000e(b) (Title VII applies to an employer having 15 or

more employees for each working day in at least 20 weeks during the relevant calendar

year) ( "§ 2000e(b)") would conclude January 31, 2005.  Dispositive motions, directed to

this question for purposes of both Plaintiff's Title VII and New York Human Rights Law

claims, were to be filed not later than March 31, 2005.

By papers filed March 14, 2005, Defendant Local 210, moved for summary judgment alleging that no material issue of fact relating to whether it was Plaintiff's employer for purposes of § 2000e(b) existed, and requested the Complaint be dismissed as to it (Doc. No. 15).  Pursuant to a motion scheduling order, filed by the court April 21, 2005, Plaintiff's response to the summary judgment motion was due June 6, 2005.

In support of Plaintiff's motion, Plaintiff asserts that as a former secretary to Defendant Local 210, Ms. McMahon has knowledge of the scope of authority of several persons with trustee or managerial responsibilities of Defendants which, according to Plaintiff, demonstrates that Defendants were Plaintiff's joint employers such that the minimum number of employees required by § 2000e(b) would be satisfied.  Sanders Affidavit ¶ ¶ 5-6.  Plaintiff also states that she intended to file, in opposition to Defendants' expected summary judgment, Ms. McMahon's affidavit detailing numerous facts, described in the Sanders Affidavit, negating Defendants' argument that Defendants were not Plaintiff's joint employer for purposes of § 2000e(b) and, as joint employers, Defendants met the 15 employee minimum to establish Title VII's applicability to Plaintiff's claims.  *Id.* ¶ 7.  Plaintiff further asserts Defendants do not oppose Plaintiff's alternative request for relief that Plaintiff be granted additional time within which to file her opposition to Defendants' summary judgment motion.  *Id.* ¶ 3.

According to Plaintiff, at some point, not specified in the Sanders Affidavit, after Defendant filed its summary judgment motion Mr. Sanders learned, for the first time, that Ms. McMahon would not cooperate with Plaintiff by executing an affidavit in support

of the facts on the joint employer issue as asserted in the Sanders Affidavit.  Sanders

Affidavit ¶ ¶ 7-8.  Specifically, Mr. Sanders averred that he "had every reason to believe

Ms. McMahon would provide such an affidavit" and that if he "had known" that Ms.

McMahon would not do so, presumably prior to the January 31, 2005 discovery cut-off

date, he "surely would have deposed her [McMahon] prior [to the cut-off date]."  *Id.* ¶ 7.

Additionally, Mr. Sanders also advised that he planned to obtain Ms. McMahon's

affidavit only after Defendant filed its summary judgment motion to assure the affidavit

"would address all necessary issues."  *Id.* ¶ 8.  It may, therefore, be fairly concluded

that Plaintiff presumed Ms. McMahon would cooperate in assisting Plaintiff's case, but

made no effort to verify such voluntary cooperation until after March 14, 2005, the date

Defendant filed its summary judgment motion in accordance with the Scheduling Order.

It is axiomatic that in federal civil cases, the plaintiff carries the burden on proof

as to each required element of a claim.  Plaintiff's contention that it was sound litigation

strategy to await Defendants' motion before initiating contact with Ms. McMahon in

order to obtain an opposing affidavit misconceived Plaintiff's burden.  If Ms. McMahon

in fact possesses the detailed knowledge favorable to Plaintiff's case, as Plaintiff now

claims, such evidence should have been obtained by affidavit or deposition pursuant to

Fed.R.Civ.P. 45 well prior to the January 31, 2005 discovery cut-off date.  This is

particularly true in this case where the Scheduling Order, as proposed by the parties

and approved by the court, was structured so that the joint-employer question would be

litigated, on summary judgment, prior to completing general fact discovery on the

merits.  Thus, Plaintiff, who carried the burden on the requirements of § 2000e(b), was

expected to respond to a threshold issue in the case that Plaintiff was fully aware would

make Ms. McMahon's potential testimony highly relevant.  To suggest, as Plaintiff does,

that it was reasonable to take no steps to obtain an affidavit from Ms. McMahon prior to

the January 31, 2005 discovery cut-off date on this threshold issue because Plaintiff

erroneously "expected" to obtain the affidavit on a voluntary basis at a later time,

Sanders Affidavit ¶ 9, is therefore insufficient.  Moreover, the certainty that Ms.

McMahon's affidavit will in fact support all of the contentions described by Plaintiff,

Sanders Affidavit ¶ 6(a)-(f), is undermined by Plaintiff's acknowledgment that Ms.

McMahon may be willing to provide Defendants with an affidavit in support of

Defendants' reply papers.  Sanders Affidavit ¶ 9.

Basic to a motion to permit additional discovery in opposition to summary

judgment is a showing that the requested discovery will preclude summary judgment

and could not have been obtained earlier.  *Oneida Indian Nation v. City of Sherrill*, 337

F.3d 139, 167 (2d Cir. 2003), *rev'd on other grounds*, 125 S.Ct. 1478 (2005).  *See also*

Baicker-McKee Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, (Thompson-West

2005) at 906 (citing cases at n. 141).  Courts are unlikely to grant such a request unless

the moving party shows it "has been diligent in pursuing discovery."  *Id.* at 907 (citing

cases at n. 151).  *See Beechwod Restorative Care Center v. Leeds*, 317 F.Supp.2d

248, 285 (W.D.N.Y. 2004).

Here, Plaintiff's motion fails on all fronts.  First, the Sanders Affidavit provides no

description of the extent of Plaintiff's efforts to obtain discovery.  Second, nothing in the

Sanders Affidavit gives any assurance that Ms. McMahon would in fact testify as

Plaintiff asserts.  *See Ying Yang Gan v. New York City*, 996 F.2d 522, 532 (2d Cir.

1993) (party seeking continuance under Rule 56(f) to permit affidavit to be obtained or

4

discovery be had "may not rely simply on conclusory statements.")  For example, Plaintiff states that when Defendant Panek, the Defendant Fund's administrator, was out of the office, Mr. Hoffman, a trustee of the Fund and a Local 210 official "made decisions in his [Panek's] absence."  Sanders Affidavit ¶ 6a.  What kind of decisions Plaintiff attributes to Mr. Hoffman or how Ms. McMahon would likely have actual knowledge of such "decisions" is not explained by Plaintiff.  As such, the assertion is conclusory and therefore insufficient to warrant Rule 56(f) relief.  Plaintiff also claims Mr. Gorlick, an attorney for Defendants, was also actively involved in the "day-to-day decisions at both [Defendants]."  *Id.*  Again, no basis upon which to reasonably infer that in her position as a receptionist-secretary, Ms. McMahon would have relevant knowledge of Mr. Gorlick's "involvement" in decision-making, or the nature of such decisions, for both Defendants is provided by Plaintiff.

Other factual allegations offered by Plaintiff to justify her request even if true would be merely cumulative of Plaintiff's own testimony.  For instance, Plaintiff contends that Ms. McMahon would know the nature of the work Plaintiff performed for each Defendant as a shared employee.  Sanders Affidavit ¶ 6d.  However, it is evident that Plaintiff would be the best source of such testimony, and Plaintiff does not state she is incapable of submitting such evidence in opposition to summary judgment. Indeed, a fair reading of all of Plaintiff's examples of asserted facts for which Ms. McMahon's testimony is allegedly required, demonstrates Plaintiff is already aware of such information from some source other than Ms. McMahon.  Another example of this finding is Plaintiff's claim that Mr. Panek directed Ms. McMahon to telephone Plaintiff to invite Plaintiff to a party sponsored by Defendant Local, not by the Defendant Fund.

5

Sanders Affidavit ¶ 6e.  Manifestly, Plaintiff is aware of the circumstances of such invitation.  If admissible as an admission, the evidence may be submitted in opposition to summary judgment without the need for Ms. McMahon's recollection of the event. Finally, Plaintiff alleges no equitable justification for the request such as deception by Ms. McMahon based on a prior commitment to cooperate with Plaintiff or witness tampering by Defendants or a third-party.

In sum, Plaintiff fails to justify the instant motion by demonstrating any due diligence in conducting discovery on the issue of joint-employment, that Ms. McMahon's testimony could not reasonably have been obtained within the period for pre-summary judgment discovery as specified in the Scheduling Order, that such testimony may in fact be obtainable from Ms. McMahon, or would not be merely cumulative to other evidence already available to Plaintiff.

However, as, according to Plaintiff, Defendants do not oppose Plaintiff's alternative request for an extension of time to respond to Defendants' motion for summary judgment, Plaintiff will be granted an additional 20 days from the date of service of this Decision and Order within which to file her response to Defendants' motion for summary judgment.  Defendants shall have 10 days thereafter within which to file their reply.  Oral argument shall be at the discretion of the court.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 22) is DENIED in part, and GRANTED in part.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 14, 2005
      Buffalo, New York