UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARY NILAND, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| BUFFALO LABORERS WELFARE FUND, | 04-CV-187F |
| BUFFALO LABORERS LOCAL 210, | |
| THOMAS L. PANEK, | |
| Defendants. | |

_____

By papers filed June 15, 2005 (Doc. No. 24), Plaintiff moves to modify this court's order entered June 14, 2005, denying Plaintiff's motion, pursuant to Fed.R.Civ.P. 56(f), to allow Plaintiff to depose a witness, Jennifer McMahon ("Ms. McMahon"), to assist Plaintiff in opposing Defendants' summary judgment motion.  In support, Plaintiff submits an affidavit of Harvey P. Sanders, Esq., dated June 15, 2005 ("Sanders Affidavit II").  Treating Plaintiff's motion as a motion for reconsideration, the motion is DENIED.

The Sanders Affidavit II concedes that Plaintiff's original motion failed to describe with particularity the steps taken to assure Plaintiff of Ms. McMahon's expected cooperation.  While the Sanders Affidavit II purports to describe the particular efforts made by Plaintiff to assure herself of Ms. McMahon's purported cooperation, a careful reading of the Sanders Affidavit II fails to show such particulars.  For example, while Plaintiff asserts Ms. McMahon agreed to cooperate by agreeing prior to January 31, 2005 to provide the expected affidavit in support of Plaintiff's position, the Sanders Affidavit II fails to particularize when and to whom such representation was actually

made.  In any event, no explanation is provided for Plaintiff's failure to promptly seek such an affidavit immediately upon service of Defendants' summary judgment motion, on March 14, 2005, instead of delaying Plaintiff's Rule 56(f) relief request until June 3, 2005, three days prior to June 6, 2005, the due date for filing Plaintiff's opposition to Defendants' motion.

Plaintiff continues to ignore that Plaintiff had the burden to establish that Defendants are covered employers for purpose of her Title VII claim.  Accordingly, the risk that Ms. McMahon's testimony as may be necessary to meet this burden (which Plaintiff should have expected would be tested on Defendants' summary judgment motion) could not reasonably be obtained within the discovery period or by the response date to Defendants' motion must fall upon Plaintiff.  Plaintiff's attorney's decision to 'rest on his oars' while awaiting Defendants' motion does not require a remedy from the court.

Plaintiff also fails to demonstrate that the court acted erroneously in finding that the facts upon which Ms. McMahon would aver in opposition to Defendants' motions were cumulative of evidence of which Plaintiff herself already had knowledge and could offer under oath in opposition to summary judgment.  Additionally, a careful reading of the Sanders Affidavit II reveals that much, if not all, of the information pertaining to the question of joint-employment that Plaintiff claims would be provided by Ms. McMahon is based on obvious hearsay.  For instance, Plaintiff states that Ms. McMahon "saw incoming correspondence and other documentation."  Sanders Affidavit II ¶ 6.

Testimony based on such correspondence or documents would patently constitute inadmissible hearsay, and Plaintiff makes no effort to demonstrate otherwise.  The same is true of Plaintiff's representation that Ms. McMahon learned relevant facts from "Fund employees . . .."  *Id.*  Moreover, Plaintiff again fails to explain why Ms. McMahon's testimony is essential to Plaintiff's ability to defeat Defendants' request for summary judgment.

As such, Plaintiff fails to establish the court overlooked facts or based its decision on clearly erroneous law.  *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp. 365, 368 (S.D.N.Y. 1999).  Therefore, no grounds for reconsideration are presented.  In sum, the instant motion is a "day late and dollar short."

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 24) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 17, 2005
       Buffalo, New York